### OLD KENT BANK v. ROYCE.

1. FRAUDULENT CONVEYANCES—PREFERRING CREDITOR.
   Debtor has right to give preference to certain creditor.

2. SAME—CONSIDERATION.
   Transfer of real estate by son to his father may not be at-
   tacked as fraudulent by former's creditors, where there was
   ample consideration, which went to pay son's indebtedness
   to another creditor.

3. SAME—BONA FIDE TRANSACTION.
   Finding of trial judge that signatures on notes given by debtor's
   father in payment for real estate transferred to him by son
   were genuine, *held*, sustained by record.

4. CREDITOR'S SUIT—FRAUDULENT CONVEYANCES—ASSIGNMENTS.
   Where debtor assigned his interest in his father's estate as
   security for loan to father which was repaid by administratrix
   of father's estate, son's interest is subject to levy in judg-
   ment creditor's suit, notwithstanding his claim that, on pay-
   ment of said loan, said money and more was turned over to
   him, constituting loan, since, if made, it was subsequent to
   and subject to said creditor's levy.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted June 16, 1933. (Docket No. 45, Calendar
No. 37,000.) Decided August 29, 1933.

Judgment creditor's bill by Old Kent Bank against
Frederick E. Royce and others to set aside convey-
ances of real estate. Bill dismissed. Plaintiff ap-
peals. Modified and affirmed.

*Clare J. Hall,* for plaintiff.

*Carroll, Kirwin & Hollway,* for defendants Royce.

NORTH, J. Plaintiff has filed a judgment creditor's bill in which it seeks to have set aside certain instruments by which the defendant Frederick C. Royce has divested himself of property rights subsequent to the accrual of his indebtedness to plaintiff. The suit is upon the theory that these transactions were without adequate consideration moving to defendant Frederick C. Royce and in fraud of his creditors, particularly in fraud of plaintiff's rights. See 3 Comp. Laws 1929, § 13392 *et seq.,* and § 14617. After hearing in open court a decree was entered dismissing the bill of complaint, and plaintiff has appealed.

Unless otherwise indicated, Frederick C. Royce will hereinafter be referred to as the defendant. This litigation involves two transactions wherein the defendant transferred property rights to his father, Henry Royce, who is now deceased and whose estate is made party defendant. The litigation also challenges the validity of another transaction, in which the defendant claims to have assigned all his interest in his father's estate to defendant David Clarke Cox.

We have carefully reviewed the testimony touching the two transactions by which defendant transferred property interests to his father. In each instance we find, as did the trial judge, that there was ample consideration. For each transfer the father gave his note. The original notes or renewals thereof were payable to Mrs. Mame Lund, who was defendant's mother-in-law, and to whom he was indebted for upwards of $8,000. These notes were presented as claims and allowed against the estate of Henry Royce, deceased. An appeal was taken from such allowance, but at the time the instant case was submitted in circuit court the appeal had not been heard. Notwithstanding defendant's indebted-

ness to plaintiff antedated the transactions above noted, since there was adequate consideration moving to defendant, plaintiff cannot complain. Stripped of detail, these transactions resulted in a preference being given by Frederick Royce to Mrs. Lund as one of his creditors. This he had a right to do. *Hartford Accident & Indemnity Co.* v. *Jirasek,* 254 Mich. 131.

On the hearing of this phase of the case plaintiff attempted to establish its claim that the signatures of Henry Royce on the notes held by Mrs. Lund were forgeries. The record abundantly sustains the circuit judge in holding these signatures genuine.

The remaining claim asserted by plaintiff is that Frederick Royce's assignment of his interest in his father's estate to David Clarke Cox should be set aside because of lack of adequate consideration and because it was in fraud of plaintiff's rights as a creditor of Frederick Royce. Mr. Cox was made a party defendant herein, but his default was taken for failure to appear. He was a witness for defendant, who claims that he agreed with Mr. Cox that the latter should advance the funds necessary to pay Henry Royce's hospital expenses during his last illness, and in consideration thereof Frederick Royce would assign whatever interest he had in his father's estate to Mr. Cox. The undisputed testimony is that $336 was so advanced by Mr. Cox. Mr. Henry Royce died on the 7th of May, 1929. Shortly after his death the above amount of $336 was repaid to Mr. Cox by the administratrix of Henry Royce's estate. The check of the administratrix to Mr. Cox fixed the date of payment. There is testimony of doubtful credence that, at the time the $336 was paid to Mr. Cox, he thereupon turned over this amount and enough more to total $500 to Frederick Royce. Whether or not

such is the actual fact is of little consequence; because, assuming Mr. Cox did so advance or turn over to Frederick Royce $500, we are fully satisfied from the record the transaction was nothing more than a loan which the parties assumed would be repaid to Mr. Cox out of defendant's share of his father's estate. But prior to such loan, and on May 9, 1927, plaintiff had caused a levy to be made upon Frederick Royce's interest in the real estate here involved. It is of no consequence that two days before plaintiff levied upon this property, and upon the day of his father's death, Frederick Royce assigned his interest in his father's estate to Mr. Cox, because such assignment unquestionably was given to secure repayment to Mr. Cox of such sums as he advanced to pay the hospital expense incident to Mr. Henry Royce's last illness. The advancements so made were repaid in full to Mr. Cox by the administratrix. He cashed the check. The loan or advancement he may have made at that time to Frederick Royce was subsequent to and subject to plaintiff's levy on Frederick Royce's one-third interest in the real estate inherited from his father.

The decree entered in the circuit court in chancery will be modified in accordance herewith. Appellant will have costs of both courts against defendants Frederick E. Royce and Maria Lund Royce.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.